IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CURTIS A. JOHNSON**                                                                                       **PLAINTIFF**

v.                            Case No. 4:22-cv-00977-KGB

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                              **DEFENDANT**

## ANSWER

Defendant, Pulaski County Special School District ("District"), by its attorneys, Bequette, Billingsley & Kees, P.A., for its Answer to the Plaintiff's Complaint (ECF Doc. 1), alleges and states:

1. The District admits the existence of the laws referred to in the Introduction paragraph of Plaintiff's Complaint, which that Plaintiff seeks to invoke the jurisdiction and venue of this Court pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §§ 1981, 1983, and the Arkansas Whistle-Blower Act, Ark. Code Ann. § 21-1-601, *et seq.*  The District otherwise denies the allegations set forth in the "Introduction" paragraph of the Complaint.

2. The District admits the allegations set forth in paragraph 1 of the Complaint

3. The District denies the allegations set forth in paragraph 2 of the Complaint.

4. The District admits the allegations set forth in paragraphs 3, 4, 5, 6 and 7 of the Complaint.

5. The District denies the allegation set forth in paragraph 8 of the Complaint.

6. The District admits the existence of the school desegregation litigation and the proceedings involved therein, which speak for themselves.  The District otherwise denies the remaining allegations set forth in paragraphs 9 and 10 of the Complaint.

7. The District admits the existence of the *Warren v. Pulaski County Special School District* litigation referred to in paragraph 11 of the Complaint, which speaks for itself. The District otherwise denies the remaining allegations set forth in paragraph 11 of the Complaint.

8. The District admits the existence of the school desegregation litigation and the proceedings involved therein, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 12 and 13 of the Complaint.

9. The District admits the allegations set forth in paragraph 14 of the Complaint.

10. The District denies the allegations set forth in paragraphs 15 and 16 of the Complaint.

11. The District admits the existence of the school desegregation litigation and the proceedings involved therein, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraph 17 of the Complaint.

12. The District admits the allegations set forth in paragraphs 18 and 19 of the Complaint.

13. The District denies the allegations set forth in paragraph 20 of the Complaint.

14. The District admits the existence of the school desegregation litigation and the proceedings involved therein, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 of the Complaint.

15. The District admits that Dr. Remele is a resident of Sherwood, Arkansas, and has been an advocate for that community. The District otherwise denies the remaining allegations set forth in paragraph 48 of the Complaint.

16. The District denies the allegations set forth in paragraph 49 of the Complaint.

17. The District admits the allegations set forth in paragraphs 50, 51 and 52 of the Complaint.

18. The District denies the allegations set forth in paragraph 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62 of the Complaint.

19. Except where admitted previously herein, the District denies the allegations set forth in paragraph 63 of the Complaint.

20. The District denies the allegations set forth in paragraphs 64, 65 and 66 of the Complaint.

21. Except where admitted previously herein, the District denies the allegations set forth in paragraph 67 of the Complaint.

22. The District denies the allegations set forth in paragraphs 68, 69, 70, 71 and 72 of the Complaint.

23. Except where admitted previously herein, the District denies the allegations set forth in paragraph 73 of the Complaint.

24. The District admits that Plaintiff has responsibilities to ensure that budgeted funds are spent in a manner that is consistent with budgetary obligations and other applicable requirements. The District otherwise denies the remaining allegations set forth in paragraphs 74, 75 and 76 of the Complaint.

25. The District admits the existence of the school desegregation litigation and the proceedings involved therein, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 77, 78, 79, 80 and 81 of the Complaint.

26. The District denies the allegations set forth in paragraphs 82, 83 and 84 of the Complaint.

27. Except where previously admitted herein, the District denies the allegations set forth in paragraph 85 of the Complaint.

28. The District admits the existence of the documents referred to in paragraphs 86, 87 and 88 of the Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 86, 87 and 88 of the Complaint.

29. The District denies the allegations set forth in paragraphs 89 and 90 of the Complaint.

30. The allegations set forth in paragraph 91 of Plaintiff's Complaint require no response.

31. The District denies all of the prayer for relief, including all subparagraphs, set forth in the Complaint.

32. Except where previously admitted herein, the District denies each and every allegation set forth in the Complaint.

33. The District reserves the right to plead further by way of counterclaim, third party claim, or amended answer pending discovery in this litigation.

**JURY DEMAND**

34. The District respectfully demands a trial by jury on all matters triable by a jury.

**AFFIRMATIVE DEFENSES**

35. The District affirmatively states that Plaintiff's claims are barred by principles of statutory and governmental immunity.

36. The District affirmatively pleads that Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is entitled to no damages whatsoever.

37. The District affirmatively pleads as a defense the applicable statute of limitations.

38. The District affirmatively states that the action is barred pursuant to Fed. R. Civ. P. 12(b).

39. The District affirmatively states that Plaintiff's claims for equitable relief are barred as a matter of law.

40. The District affirmatively states that all actions taken by them with regard to Plaintiff were in good faith.

41. The District affirmatively states that Plaintiff's claims are barred for failure to comply with the requirements of Title VII of the Civil Rights Act of 1964.

42. Plaintiff's action or inactions preclude assertion of Plaintiff's present claims. The District affirmatively states that this action is frivolous, unreasonable, and groundless, and accordingly, is entitled to reasonable attorney's fees and other costs associated with the defense of this action.

43. The District asserts that it acted reasonably and in compliance with the law at all times relevant hereto.

44. The District asserts that it maintains and enforces a policy prohibiting discrimination including, without limitation, a method of raising complaints of discrimination and of remediating such complaints in compliance with applicable law, and that Plaintiff unreasonably failed to use such policy and procedures.

45. To the extent Plaintiff complains of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, this court lacks jurisdiction of such claims under Title VII or other applicable law.

46. To the extent Plaintiff complains of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, such claims are barred under Title VII or other applicable law by the applicable statute of limitations.

47. The District affirmatively pleads the affirmative defense of laches.

48. The District affirmatively states that Plaintiff's claims and the remedies sought are barred by the doctrine of unclean hands.

49. The District affirmatively states that Plaintiff is estopped from alleging in his action any matters that were not properly alleged in a charge of discrimination timely filed with the EEOC.

50. To the extent Plaintiff failed to file the complaint within ninety (90) days of his receipt of a Notice of Right to Sue, Plaintiff's claims are barred by the applicable statute of limitations.

51. The District affirmatively states that Plaintiff and the remedies sought are barred by the principle of estoppel.

52. The District affirmatively states that any alleged violations of law attributed to any employee of the District were committed, if at all, outside the scope of that employee's employment with the District.

53. The District affirmatively states that it did not authorize any unlawful acts of which Plaintiff complains.

54. The District affirmatively states that Plaintiff's action is barred by his failure to initiate and exhaust applicable internal complaint procedures and remedies.

55. The District affirmatively states that Plaintiff's claims and requested relief are barred by his unreasonable failure to take advantage of available preventative or corrective opportunities or to avoid harm otherwise.

56. The District affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

57. All claims asserted in the Complaint are barred because the District did not engage in any unlawful conduct, and no act or omission of the District caused the Plaintiff any injury, including the injury alleged in the Complaint.

58. The Complaint fails to allege a basis for the relief claimed, including without limitation, any claims for statutory damages and attorneys' fees.

59. The claims for equitable, injunctive, and declaratory relief are barred because Plaintiff has an adequate remedy at law.

60. The alleged conduct of the District cannot support an award of punitive damages and any award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the Constitution of the State of Arkansas.

61. Any award of punitive damages to the Plaintiff would be in violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the United States of America including, without limitation, because there are no limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, the imposition of a punitive damage award would allow a verdict tainted by passion and

prejudice, and plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

62. Imposition of punitive damages in this case would violate the District's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

63. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to the District under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of the Constitution of the State of Arkansas, in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

64. Any award of punitive damages to the plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or the Constitution of the State of Arkansas, in that said punitive damages would be an imposition of an excessive fine.

65. The District affirmatively pleads as defenses the applicable statute of limitations and the Statute of Frauds.

66. The District affirmatively pleads as a defense the qualified privilege doctrine.

WHEREFORE, Defendant, Pulaski County Special School District, prays that Plaintiff's Complaint be denied and that he take nothing thereby; for the District's attorneys' fees and costs incurred herein; and for all other appropriate relief to which the District is entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: _____**Jay Bequette**_____
     Jay Bequette, Ark. Bar #87012
     W. Cody Kees, Ark. Bar #2012118

*Attorneys for Defendant*