**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CURTIS A. JOHNSON**                                                                 **PLAINTIFF**

**v.**                              **Case No. 4:22-cv-00977-KGB**

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                **DEFENDANT**

**JOINT RULE 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff and Defendant state as follows for their joint report:

(**1**)     **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

**RESPONSE:** None

(**2**)     **Date when mandatory disclosures will be made.**

**RESPONSE:** The parties will exchange initial disclosure on or before June 30, 2023.

(**3**)     **Subjects on which discovery may be needed.**

**RESPONSE:** The parties anticipate discovery on all claims, defenses, and damages.

(**4**)     **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

**RESPONSE:** Electronic or computer-based media will be requested during discovery and subject to any asserted objections from the responding party, the parties state as follows:

       (a)     **whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.**

**RESPONSE:** The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

**(b)** **the anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

<u>RESPONSE</u>: The parties are unable to determine if such disclosure or production will be required at this time, but if such disclosure or production becomes necessary, and is beyond what is reasonably available to the parties in the ordinary course of business, the parties will timely inform the Court;

**(c)** **the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

<u>RESPONSE</u>: Information that is stored electronically will be provided in the format in which it is ordinarily kept;

**(d)** **whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

<u>RESPONSE</u>: The parties have ensured that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

**(e)** **other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

<u>RESPONSE</u>: The parties do not presently anticipate any other problems in connection with electronic or computer-based discovery.

**(5)** **Date by which discovery should be completed.**

**RESPONSE:** The parties have no objection to the February 14, 2024, discovery deadline in the proposed final scheduling order, (Dkt. 5).

(**6**)    **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

**RESPONSE:** None at this time.  The parties agree to confer in good faith should the need arise.

(**7**)    **Any orders, e.g. protective orders, which should be entered.**

**RESPONSE:** The parties agree they will confer in good faith regarding whether a protective order is needed and will seek to narrowly tailor any proposed protective order to meet the legitimate concerns of the parties or third parties that may be affected.

(**8**)    **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

**RESPONSE:** None.

(**9**)    **Any objections to the proposed trial date.**

**RESPONSE:** None.

(**10**)    **Proposed deadline for joining other parties and amending the pleadings.**

**RESPONSE:** The parties have no objection to the November 6, 2023, deadline for seeking leave to add parties or amend pleadings in the proposed final scheduling order, (Dkt. 5).

(**11**)    **Proposed deadline for completing discovery.**

**RESPONSE:** The parties have no objection to the February 14, 2024, discovery deadline in the proposed final scheduling order, (Dkt. 5).

(**12**)    **Proposed deadline for filing motions other than motions for class certification.**

**RESPONSE:** The parties have no objection to the motion deadlines in the proposed final scheduling order, (Dkt. 5): February 29, 2024, for all motions other than motions in limine; February 29, 2024, for *Daubert* motions; and April 15, 2024, for motions in limine.

**(13) Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

**RESPONSE:** N/A

Dated this 1st day of June, 2023.

                Respectfully submitted:

                PORTER LAW FIRM
                323 Center Street, Suite 1035
                Little Rock, AR 72201
                Phone: (501) 244-8200
                Fax:   (501) 372-5567
                Email: aporte5640@aol.com

                By:       **Austin Porter Jr.**
                      Austin Porter Jr., Ark. Bar No. 86145

                *Attorney for Plaintiff*


                BEQUETTE, BILLINGSLEY & KEES, P.A.
                425 West Capitol Avenue, Suite 3200
                Little Rock, AR 72201-3469
                Phone: (501) 374-1107
                Fax:   (501) 374-5092
                Email: jbequette@bbpalaw.com
                Email: ckees@bbpalaw.com
                Email: pbrick@bbpalaw.com

                By:       **Phillip M. Brick, Jr.**
                      Jay Bequette, Ark. Bar No. 87012
                      W. Cody Kees, Ark. Bar No. 2012118
                      Phillip M. Brick, Jr., Ark. Bar No. 2009116

                *Attorneys for Defendant*