IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CURTIS A. JOHNSON**                                                                 **PLAINTIFF**

v.                                         No. 4:22-cv-00977-KGB

**PULAKSI COUNTY SPECIAL SCHOOL DISTRICT**                     **DEFENDANT**

### AFFIDAVIT OF DR. CHARLES MCNULTY

Comes the Affiant, Dr. Charles McNulty, and for his Affidavit states under oath as follows:

1. My name is Dr. Charles McNulty and I am the Superintendent for the Pulaksi County Special School District ("District").

2. I have held this position since July 1, 2018.

3. I have extensive experience in educational administration, and I am familiar with the operations of school facilities. I am also familiar with the decisions of the Pulaski County Special School Board ("PCSSD Board").

4. I am aware of the lawsuit filed against the District, *Curtis A. Johnson v. Pulaski County Special School District*, U.S. District Court for the Eastern District of Arkansas, Case No. 4:22-cv-00997. I have read the complaint in detail.

5. On April 19, 2018, prior to my hire, the PCSSD Board approved staff allocations for the upcoming school year, effective July 1, 2018. These allocations included a reduction in the pay range for the position of Executive Director of Operations, from range 24 to range 21.

6. The decision to lower the pay range for the Executive Director of Operations was made by the PCSSD Board and for multiple legitimate business reasons.

**EXHIBIT 3**

7. The first reason related to qualification changes for the position. The previous Executive Director of Operations, Derek Scott, possessed an engineering degree, which was a qualification for the role at the time. The new job description did not require an engineering degree, which was reflected in the job posting dated May 9, 2018.

8. The second reason related to salary alignment. The reduction in the Executive Director of Operations's pay was intended to better align this position's salary with that of other members of the District's executive cabinet, ensuring internal consistency and fairness in compensation.

9. The third reason related to a decrease in job responsibilities associated with the position. The scope of responsibilities for the cabinet position has evolved, especially in 2017 the now Jacksonville North Pulaski School District separated from PCSSD and formed its own school district, which subsequently lessened the overall duties of the Executive Director of Operations.

10. It is important to note that the PCSSD Board's decision to adjust the salary for the Executive Director of Operations's position was made before the new job opening was even posted. Therefore, the salary change was in place before Curtis Johnson even applied or was considered for this role.

11. The decision to decrease the pay range for the Executive Director of Operations was solely based on the business considerations outlined in paragraphs 7 to 9 above, and it was in no way related to Mr. Johnson, who neither an employee of PCSSD nor an applicant.

12. The PCSSD Board's pay range adjustment was implemented for legitimate, nondiscriminatory reasons, based soley on the qualifications required for the position, interal pay equity, and the redefined scope of job responsibilities.

13. It is common practice for the Executive Director of Operations to temporarily assume any vacant Director roles until permanent appointments are made. This was the case for Derek Scott, and it currently applies to Mr. Johnson.

14. As Superintendent of the District, Mr. Johnson reports directly to me.

15. In the summer of 2020, a facilities tour was conducted as part of the ongoing desegregation case involving PCSSD. The district was permitted to only have one representative on the tour due to COVID-19 precautions.

16. The District selected PCSSD Board President, Dr. Linda Remele, as its sole representative for the tour. The choice was influenced by the necessity of having a senior and publically elected leader with extensive understanding and history of the Board's perpsective, viewpoints, and decisions on site. Curtis Johnson, who was the executive Director of operations was not selected for the tour .

17. This decision was not intended to, and did not, impede Mr. Johnson's ability to perform his job duties. The selection of Dr. Remele was based on the extremely limited number of people allowed for the tour during the Covid pandemic and the role of the Board's leadership in the desegregation case, not based on any discriminatory intent or employment practice.

FURTHER AFFIANT SAYETH NOT.

_____
Dr. Charles McNulty

STATE OF ARKANSAS   )
                    ) ss.    **VERIFICATION**
COUNTY OF Pulaski   )

Comes before me the above Affiant who states on oath that the facts set forth in the foregoing Affidavit are true and correct to the best of his/her knowledge and belief.

SUBSCRIBED AND SWORN to before me this 4 day of ~~August~~ September, 2024.

_Yolanda D. Richards_
Notary Public

My commission expires:

5/15/2027

(S E A L)

[Notary Seal: YOLANDA D. RICHARDS, MY COMM. EXPIRES 05-15-2027, NOTARY PUBLIC, PULASKI COUNTY, ARKANSAS, COMM #12360623]

-4-