IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CURTIS A. JOHNSON                                                    PLAINTIFF

VS.                              CASE NO.  4:22-CV-0977 KGB

PULASKI COUNTY SPECIAL SCHOOL DISTRICT
A Public Body Corporate                                           DEFENDANT

### PLAINTIFF'S PRE-TRIAL CONFERENCE INFORMATION SHEET

1.      **Identity of Party**:  Curtis A. Johnson

2.      **Party's Legal Counsel**:

      Austin Porter Jr.
      PORTER LAW FIRM
      323 Center Street, Suite 1035
      Little Rock, Arkansas 72201
      501-244-8200

3.      **Summary of Claims and Relief Sought**:     This is a civil rights action brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C. § 1658), pursuant to 42 U.S.C. § 1983, pursuant to the Fourteenth Amendment to the United States Constitution and pursuant to the Arkansas Whistle-Blower Act (AWBA), as codified at Ark. Code Ann. § 21-1-601, *et seq*., in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, Curtis A. Johnson, has been subjected to on account of his race.  This is also an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties.  The plaintiff is seeking equitable relief and injunctive relief as well.

4.      **Prospects for Settlement**:  None.

5.    **Jurisdictional Basis**:   Jurisdiction of this cause of action is being invoked pursuant to 28 U.S.C. § 1331, 1343, 1391, 42 U.S.C. §1981.

6.    **Pending Motions**:  None.

7.    **Summary of Facts**:   The plaintiff Curtis Johnson III. is currently employed by the Pulaski County Special School District (PCSSD), where he has been employed since August 9, 2018.  Mr. Johnson is the Executive Director of Operations. (**See Deposition of Curtis Johnson attached herein as Plaintiff's Exhibit "A", p. 6**)[1].   Mr. Johnson oversees the day-to-day operations of plant planning, maintenance, security, transportation, which consists of twenty-two (22) buses, and the addition of the warehouse.  Mr. Johnson supervises some 600 people, and he had six or seven direct reports.  (**Johnson Deseg. Depo. p. 7**).

Prior to working for the Pulaski County Special School District, Mr. Johnson was employed by Arkansas Baptist College, where he had worked for thirteen (13) years, as the Director of Operations.  Mr. Johnson worked for Arkansas Baptist College from 2006 until 2018. However, in 2013, Mr. Johnson had a break from his employment with Arkansas Baptist College, when he went to work for Morehouse College in Atlanta, Georgia, as the Chief of Police.  Mr. Johnson remained at Morehouse College until June 2014.  Mr. Johnson then came back to work for Arkansas Baptist College.  Mr. Johnson was at the time a certified police officer.  (**Johnson Deseg. Depo., p. 8**).

Mr. Johnson started his career as a police officer when he served as a military police officer for the Arkansas National Guard in 1985.  Mr. Johnson finished with the Arkansas National Guard in 1990, where he served as a military police officer for five (5) years and three months.  Mr. Johnson has worked between security, asset protection, law enforcement over the past  thirty (30)

---

[1] This deposition is from the desegregation case, taken on February 19, 2020, hereinafter referred to as (**Johnson Deseg. depo, p**.) Undersigned counsel deposed Mr. Johnson.

years.  Mr. Johnson graduated from the University of Arkansas, and received a master's degree from Webster's University, which he received in 2014.  (**Johnson's Deseg. Depo., p. 9-10**).

When Mr. Johnson started with the PCSSD in August 2018, his starting salary was $107,038, and he was placed on the paygrade 21 scale.  (**Defendant's Statement of Fact No. 2**). Mr. Johnson's predecessor was Derek Scott.  Mr. Scott vacated his position as the Executive Director of Operations for the PCSSD in 2017.  (**Johnson's Deseg. Depo., pp. 11-12**).  Derek Scott is a white male.  (**Defendant's Statement of Fact No. 3**).  Derek Scott's contract for the 2015-2016 school year was $137,738.00, which is $30,000.00 more than Mr. Johnson's initial salary.

Dr. Janice Warren is an African American female who is employed by the Pulaski County Special School District.  (**See Deposition of Dr. Janice Warren attached herein as Plaintiff's Exhibit "B", p. 5**).  Dr. Warren was employed as the Assistant Superintendent for Equity and Pupil Services.  (**Warren's depo., p. 6**).  Dr. Warren, as the Assistant Superintendent for Equity and Pupil Services, was responsible for implementing *Plan 2000* on behalf of the Pulaski County Special School District.  (**Warren's depo., p. 16**) (**See Plan 2000 attached herein as Plaintiff's Exhibit "C"**).  Dr. Warren became the Assistant Superintendent for Equity and Pupil Services in May 2013.  (**Warren's depo., p. 17**).  Dr. Warren was appointed to this position by then superintendent Dr. Jerry Guess.  (**Warren's depo., p. 18**).  Dr. Jerry Guess left the PCSSD on July 18, 2017, which is when Dr. Warren was appointed as the Interim Superintendent for the PCSSD. (**Warren's depo., p. 19**).  Dr. Warren applied for the superintendent's position, but was not selected for the position.

In February 2022, the defendant school district was found to have committed unlawful employment practices against its Interim Superintendent – Dr. Janice Hargrove Warren, who is an

African American female, in the case of *Janice Hargrove Warren v. Pulaski County Special School District*, United States District Court No. 4:19-CV-00655 BSM, when it failed to consider her for the vacant superintendent position that was awarded to a Caucasian male by the name of Dr. Charles McNulty.[2]

When Dr. Warren assumed the role of Interim Superintendent, she discovered that Derek Scott, who is a Caucasian male, and was employed as the Executive Director of Operations had diverted funds away from Mills High School, which was being constructed pursuant to Judge D. Price Marshall's orders, and said funds were being sent to the Robinson Middle School in the predominantly white area of Highway 10. Mills High School is the sole high school that serves as the feeder pattern for the predominantly black communities of Sweet Home, Wrightsville, College Station, which are located in the Southeast sector of Pulaski County. Dr. Warren found out that Derek Scott told the architects and contractors to reduce the square footage of the Mills High School, so that the predominantly white school of Robinson Middle School could be bigger and built with superior materials. (**See Warren's depo., p. 143-147**). Dr. Warren reported the actions of Derek Scott to district attorney Sam Jones, who was required to report these violations to Judge Price Marshall. Dr. Warren stated that after the actions of Derek Scott in diverting funds from the Mills Project to the Robinson Middle School, he knew that he was finished. When Dr. Warren became the interim superintendent in July 2017 after the departure of Dr. Jerry Guess, Scott just simply offered his resignation. (**Warren's depo., p. 145, lns. 14-22**).

In June 2020, Judge Marshall conducted a hearing to determine whether the Pulaski County Special School District had met its obligations under *Plan 2000*, allowing the district to be declared

---

[2] The jury awarded Dr. Warren $656,000.00. However, this case was overturned on appeal when the Eighth Circuit ruled that Dr. Warren was not the victim of retaliation because she did not engaged in protected activity, because she had not complained about an employment practice. Warren v. Kemp, et al.,, 79 F.4th 967 (8th Cir. 2023).

unitary, specifically in facilities.  Based in part on the testimony of Dr. Warren and Curtis Johnson, and the evidence adduced at trial, Judge Marshall ruled that PCSSD had not obtained unitary status in terms of facilities, due to the Mills High School construction being short changed.  See *Little Rock School District, et al. v. Pulaski County Special School District, et al.*, United States District Court No. 4:82-CV-00866 DPM – [**Doc. # 5730**].

When Dr. Warren assumed the role of Interim Superintendent, she discovered that Derek Scott, who is a Caucasian male, and was employed as the Executive Director of Operations had diverted funds away from Mills High School, which was being constructed pursuant to Judge D. Price Marshall's orders, and said funds were being sent to the Robinson Middle School in the predominantly white area of Highway 10.  Mills High School is the sole high school that serves as the feeder pattern for the predominantly black communities of Sweet Home, Wrightsville, College Station, which are located in the Southeast sector of Pulaski County.  Dr. Warren found out that Derek Scott told the architects and contractors to reduce the square footage of the Mills High School, so that the predominantly white school of Robinson Middle School could be bigger and built with superior materials. (**See Warren's depo., p. 143-147**).  Dr. Warren reported the actions of Derek Scott to district attorney Sam Jones, who was required to report these violations to Judge Price Marshall.  Dr. Warren stated that after the actions of Derek Scott in diverting funds from the Mills Project to the Robinson Middle School, he knew that he was finished.  When Dr. Warren became the interim superintendent in July 2018 after the departure of Dr. Jerry Guess, Scott just simply offered his resignation. (**Warren's depo., p. 145, lns. 14-22**).

In June 2020, Judge Marshall conducted a hearing to determine whether the Pulaski County Special School District had met its obligations under *Plan 2000*, allowing the district to be declared unitary, specifically in facilities.  Based in part on the testimony of Dr. Warren and Curtis Johnson,

and the evidence adduced at trial, Judge Marshall ruled that PCSSD had not obtained unitary status in terms of facilities, due to the Mills High School construction being short changed.  See *Little Rock School District, et al. v. Pulaski County Special School District, et al*., United States District Court No. 4:82-CV-00866 DPM – [**Doc. # 5730**].  During this unitary status hearing, Mr. Johnson offered truthful testimony about the construction quality of Robinson Middle School as compared to that of Mills High School.  Mr. Johnson's testimony was detrimental to the PCSSD, which resulted in the district found to be not in compliance with *Plan 2000*, resulting in the Court's rejection of unitary status in the district's obligations to provide "equal" schools to the black students of PCSSD.

Shortly after testifying in the unitary status trial, Mr. Johnson begin to experience retaliation.  (**See Deposition of Curtis Johnson attached herein as Plaintiff's Exhibit "D", p. 65**).  Mr. Johnson was hired with an annual salary of $107,038.00, which was approximately $30,000.00 less than his white predecessor – Derek Scott.  (**See Deposition of Curtis Johnson attached herein as Plaintiff's Exhibit "D", p. 39**).  Mr. Johnson stated that his chief complaint was that he was being paid less than Derek Scott, while at the same time having to perform the work of several people.  Derek Scott had support staff that Mr. Johnson did not have.  When Mr. Johnson started with the PCSSD, he did not have a Director of Safety and Security.  Bennie Johnson served as the Director of Safety and Security, but he resigned.  The PCSSD had also removed two (2) coordinator positions.  Mr. Johnson was physically running the Safety and Security duties.  (**Johnson's depo., p. 37**).

The Executive of Director of Operations has five departments: 1) Safety and Security, 2) Transportation, 3) Maintenance, 4) Planning, and 5) Warehouse.  Mr. Johnson did not have two (2) director positions.  When Mr. Johnson came to work for the district, he did not have a Director

for Safety and Security, nor did he have a Director of Transportation.  (**Johnson's depo., p. 38**).

Mr. Johnson stated that based on the duties he was performing, and the district not having to hire

a Director for Safety and Security and Director of Transportation, thus saving money, his salary

should have been at least $175,000.00.  (**Johnson's depo., pp. 40-41**).  Mr. Johnson stated that he

went to Dr. McNulty several times about filling the Director of Transportation position, but kept

getting denied.  (**Johnson's depo., p. 56**).

Mr. Johnson spoke with Dr. McNulty about his pay back in April 2023, but he told Mr.

Johnson that he was not getting an increase in pay.  (**Johnson's depo., p. 43**).  However, in July

2023 McNulty decided to increase Mr. Johnson's salary to $145,397.00.  (**Johnson's depo., p.

44**).  By placing Mr. Johnson's salary at $145,397.00, it was placing him close to what Derek Scott

made back in 2017.  However, it took Mr. Johnson five (5) years to finally get some parity.

(**Johnson's depo., p. 29-30, 39**).  Dr. McNulty told Mr. Johnson that he was getting the increase

in order to bring him up to where Derek Scott was paid back in 2017, when he resigned. (**Johnson's

depo. p. 36**).  Mr. Johnson stated that when he was hired back in August 2018 at $107,000.00, Dr.

McNulty acknowledged that Johnson's pay was low, and that they would revisit his salary the

following year, but that did not happen.  It took four (4) years for the PCSSD to finally make the

salary adjustment for Mr. Johnson.  (**Johnson's depo., pp. 31-32**).

Dr. Linda Remele was the president of the Pulaski County Special School District's Board

of Education.  (**Johnson's depo., p. 73**).  Dr. Remele was extremely upset over the fact that Dr.

Janice Warren had blown the whistle about the inequities that existed between the Robinson

Middle School construction project and the Mills High School construction project.  When Dr.

Warren fulfilled her obligation under *Plan 2000* by reporting the matter to Sam Jones, district

attorney, he had to modify the facilities report and note the disparities that existed between the two

(2) schools. (**See Plaintiff's Exhibit "E" – "*PCSSD's Supplemental Status Report for the September 8, 2017 Status Conference [Doc No. 5322]*." ** )   Once Mr. Jones filed his amended facilities report, this matter was reported in the *Arkansas Democrat/Gazette*.  This angered Dr. Linda Remele, who chastised Dr. Warren by telling her "we don't air our dirty laundry in public." (**Warren's depo., p. 148**).

Shortly after testifying in the unitary status hearing during June 2020, Mr. Johnson began to experience retaliation from district officials.  (**Johnson's depo., p. 65**).   Mr. Johnson had been attending the mandatory monthly meetings consistently that were discussing *Plan 2000*, and how the district can come into compliance.  The meetings focused on student achievement, student discipline, monitoring, and facilities, four areas that the district needed to improve in order to be declared unitary.  (**Johnson's depo., p. 97**).  Mr. Johnson stated that he was informed by Dr. McNulty that he (Johnson) would no longer be attending the monthly court ordered meetings. Once he was told this by Dr. McNulty, he contacted the district's attorney Devin Bates to let him know that Johnson would not be attending the monthly meetings. (**Johnson's depo., p. 98**).

8.   **Proposed Stipulations**: None

9.   **Contested Issues of Fact**:

a)   Whether the plaintiff was being paid less than his predecessor Derek Scott;

b)   Whether the PCSSD had a legitimate business reason for paying the plaintiff less than his predecessor;

c)   Whether the plaintiff was actually performing more duties than his predecessor;

d)   Whether the plaintiff was denied the ability to hire a Director of Safety and Security;

e)   Whether the plaintiff was denied the ability to hire a Director of Transportation;

f)   Whether the plaintiff suffered adverse employment action for testifying in court or

in a deposition;

g)    Whether the plaintiff's lawsuit was the catalyst that resulted in his salary being being

increased.

10.    **Contested Issues of Law**:

a)       Whether the plaintiff was subjected to varied terms and conditions of his

employment based on his race in regards to his pay as compared to his white counterpart in

violation of Title VII of the Civil Rights Act of 1964 (as amended) and 42 U.S.C. § 1981;

b)       Whether the plaintiff was retaliated against due to providing testimony in the case

of Little Rock School District, et al. v. Pulaski County Special School District, et al., United States

District Court No. 4:82-CV-00866 DPM;

11.    **Exhibits**:

a)       Plaintiff's personnel file;

b)       Personnel file of Derek Scott;

c)       Plaintiff's contracts of employment with the PCSSD;

d)       Derek Scott's contract of employment with the PCSSD;

e)       Plaintff's EEOC file;

f)       Personnel policies of the PCSSD;

g)       Court orders issued in Little Rock School District, et al. v. Pulaski County Special School

District, et al., United States District Court No. 4:82-CV-00866 DPM;

h)       *Plan 2000*;

i)       Board minutes of the PCSSD;

j)       Emails in reference to Mr. Johnson's involvement with Court ordered meetings and

facilities tours;

k)    Text messages in referenced to Mr. Johnson's involvement with Court ordered meetings and facilities tours;

**The plaintiff will also use documents as listed by the Defendant**.

12.    **Charts, Graphs, Models, etc**.: None.

13.    **Witnesses**:

*Will Call*:

a)    Curtis A. Johnson III.
       P. O. Box 165223
       Little Rock, Arkansas 72216
       (Liability/Damages)

Mr. Johnson will provide testimony relative to his claims of discrimination and retaliation and the damages that he experienced.

b)    Darnell Bell, Ed.D.
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206
       501-234-2000
       (Damages/Liability)

Dr. Bell will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation, as well as provide testimony relative to the plaintiff's claim for damages.

c)    Paul Brewer
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206
       501-234-2000
       (Liability)

Mr. Brewer will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation.

d)    Monica Bryant
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206

10

501-234-2000
(Damages/Liability)

Ms. Bryant will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation, as well as provide testimony relative to the plaintiff's claim for damages.

e)     Terence Clark
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206
       501-234-2000
       (Damages/Liability)

Mr. Clark will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation, as well as provide testimony relative to the plaintiff's claim for damages.

f)     Carlos Corbin
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206
       501-234-2000
       (Liability)

Mr. Corbin will provide testimony relative to the plaintiff's claim for disparate treatment.

g)     Norma Dixon
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206
       501-234-2000
       (Liability)

Ms. Dixon will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation.

h)     Tommy Farmer
       Pulaski County Special School District
       925 E. Dixon Road
       Little Rock, Arkansas 72206
       501-234-2000
       (Damages/Liability)

11

Mr. Farmer will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation, as well as provide testimony relative to the plaintiff's claim for damages.

  i)  Michael Hansberry
     Baldwin & Shell Construction Co.
     1000 West Capitol Avenue
     Little Rock, Arkansas 72201
     501-374-8677
     (Liability)

Mr. Hansberry will provide testimony relative to the plaintiff's claim for disparate treatment.

  j)  Charles McNulty, EdD
     Pulaski County Special School District
     925 E. Dixon Road
     Little Rock, Arkansas 72206
     501-234-2000
     (Liability)

Dr. McNulty will provide testimony relative to the plaintiff's claim for disparate treatment.

  k)  Rev. Neal A. Scroggins
     114 Delaware Lane
     Maumelle, Arkansas 72113

     (Damages)

Rev. Scroggins will provide testimony relative to the plaintiff's claim for mental anguish.

  l)  Dave Thomas
     Pulaski County Special School District
     925 E. Dixon Road
     Little Rock, Arkansas 72206
     501-234-2000
     (Liability)

Mr. Thomas will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation.

  m)  Janice Warren, Ed.D.

> Pulaski County Special School District
> 925 E. Dixon Road
> Little Rock, Arkansas 72206
> 501-234-2000
> (Damages/Liability)

Dr. Warren will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation, as well as his claim for damages.

> n)    Yolundra Williams, Ed.D.
>        Pulaski County Special School District
>        925 E. Dixon Road
>        Little Rock, Arkansas 72206
>        501-234-2000
>        (Damages/Liability)

Dr. Williams will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation, as well as provide testimony relative to the plaintiff's claim for damages.

> *May Call*:

> o)    Sandra Arnold
>        Pulaski County Special School District
>        925 E. Dixon Road
>        Little Rock, Arkansas 72206
>        501-234-2000
>        (Liability)

Ms. Arnold will provide testimony relative to the plaintiff's claim for disparate treatment.

> p)    Shawn Burgess
>        Pulaski County Special School District
>        925 E. Dixon Road
>        Little Rock, Arkansas 72206
>        501-234-2000
>        (Liability)

Ms. Burgess will provide testimony relative to the plaintiff's claim for disparate treatment and retaliation.

> q)    Alicia Gillen
>        Pulaski County Special School District

13

925 E. Dixon Road
Little Rock, Arkansas 72206
501-234-2000
(Liability)

Ms. Gillen will provide testimony relative to the plaintiff's claim for disparate treatment.

    r)     Archie Hearne, M. D.
           1001 Wright Avenue
           Little Rock, Arkansas 72206
           501-224-2800
           (Damages)

Dr. Hearne can provide testimony relative to my medical condition, and the stress related illnesses that I experienced as well as the mental anxiety and depression.

    s)     Eli Keller
           Pulaski County Special School District
           925 E. Dixon Road
           Little Rock, Arkansas 72206
           501-234-2000
           (Liability)

Mr. Keller will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation.

    t)     Jana Johnson
           1108 S. Cross Street
           Little Rock, Arkansas 72202
           501-772-2804
           (Damages)

Ms. Johnson will provide testimony relative to the plaintiff's claim for damages.

    u)     Lonnie Murphy
           Pulaski County Special School District
            925 E. Dixon Road
           Little Rock, Arkansas 72206
           501-234-2000
           (Liability)

Mr. Murphy will provide testimony relative to the plaintiff's claim for disparate treatment.

14

     v)     Linda Remele, Ed.D.
             Pulaski County Special School District
             925 E. Dixon Road
             Little Rock, Arkansas 72206
             501-234-2000
             (Liability)

Dr. Remele will provide testimony relative to the plaintiff's claims for disparate treatment and retaliation.

     w)     Deb Rouse
             Pulaski County Special School District
             925 E. Dixon Road
             Little Rock, Arkansas 72206
             501-234-2000
             (Liability)

Mr. Murphy will provide testimony relative to the plaintiff's claim for disparate treatment.

     x)     Alisha Smith
             Pulaski County Special School District
             925 E. Dixon Road
             Little Rock, Arkansas 72206
             501-234-2000
             (Liability)

Ms. Smith will provide testimony relative to the plaintiff's claim for disparate treatment.

**Note.  The plaintiff reserves the right to rely on any witnesses as identified by the defendant during the trial of this matter**.

14.    **Request to Amend Pleading**: None

15.    **Status of Discovery**: Completed.

16.    **Suggestions for Expediting Trial**: None

17.    **Estimated Length of Trial**: 4-5 days.

                       Respectfully submitted,

                       PORTER LAW FIRM

The Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

By:     Austin Porter Jr.
         Austin Porter Jr., No. 86145

## CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas - Central Division, on the 10th day of October 2024, using the CM/ECF system, which is designed to send notification of such filing to the following:

W. Cody Kees
BEQUETTE, BILLINGSLY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201-3469
Email: ckees@bbpalaw.com

Austin Porter Jr.